JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

United States

**DEFENDANTS**

General Dynamics-Ordnance and Tactical Systems, Inc. et al.

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Katherine A. Abend
Daniel R. Dertke
U.S. Department of Justice 150 M St. NE, Washington DC 20002, 202-514-2463

Attorneys *(If Known)*

Mary Rose Alexander
Latham & Watkins LLP
330 North Wabash Avenue, Suite 2800, Chicago, IL 60611

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [X] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | **PERSONAL INJURY** | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 365 Personal Injury - Product Liability | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | **PERSONAL PROPERTY** | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 370 Other Fraud | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 371 Truth in Lending | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 380 Other Personal Property Damage | **LABOR** | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 850 Securities/Commodities/ Exchange |
| | | | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 865 RSI (405(g)) |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **FEDERAL TAX SUITS** | [ ] 890 Other Statutory Actions |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 891 Agricultural Acts |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 871 IRS—Third Party 26 USC 7609 | [X] 893 Environmental Matters |
| | | [ ] 550 Civil Rights | | [ ] 895 Freedom of Information Act |
| | | [ ] 555 Prison Condition | | [ ] 896 Arbitration |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| | **IMMIGRATION** | | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 462 Naturalization Application | | | |
| | [ ] 465 Other Immigration Actions | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA)

Brief description of cause:
Case involves claims under Section 107 of CERCLA, 42 U.S.C. § 9607, for releases and threatened releases of hazardous substances.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ $6.1 Million

CHECK YES only if demanded in complaint:

**JURY DEMAND:** [ ] Yes  [X] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*:

JUDGE _____    DOCKET NUMBER _____

DATE
January 10, 2025

SIGNATURE OF ATTORNEY OF RECORD
s/ *Katherine A. Abend*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA,                  :
                                           :
              Plaintiff,                    :
                                           :        Civil Action No. 3:25-cv-00046
          v.                               :
                                           :
GENERAL DYNAMICS–ORDNANCE AND              :
TACTICAL SYSTEMS, INC.; CRANE              :
COMPANY, AS AGENT FOR REDCO                :
CORPORATION; THE ENSIGN-BICKFORD           :
COMPANY; ILLINOIS TOOL WORKS INC.;         :
OLIN CORPORATION; UNITED STATES            :
SURGICAL CORPORATION;                      :
MALLINCKRODT US LLC; THE SHERWIN           :
WILLIAMS COMPANY; and                      :
MASON & HANGER CORPORATION,                :
                                           :
              Defendants.                   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

**COMPLAINT**

The United States of America, by authority of the Attorney General of the United States and through the undersigned attorneys, acting at the request of the Solicitor of the United States Department of the Interior ("DOI") and the Administrator of the United States Environmental Protection Agency ("EPA"), alleges as follows:

**STATEMENT OF THE CASE**

1.      This is a civil action brought against General Dynamics-Ordnance and Tactical Systems, Inc. ("GD-OTS"), Crane Company ("Crane"), The Ensign-Bickford Company ("EBCo."), Illinois Tool Works Inc. ("ITW"), Olin Corporation ("Olin"), United States Surgical Corporation ("U.S. Surgical"), Mallinckrodt US LLC ("Mallinckrodt"); The Sherwin Williams Company ("Sherwin Williams"), and Mason Hanger Corporation ("Mason & Hanger") (collectively, "Defendants"), pursuant to Section 107 of

1

the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended

("CERCLA"), 42 U.S.C. § 9607.

2.     The United States seeks to recover unreimbursed costs incurred for response activities

undertaken in response to the release or threatened release of hazardous substances from facilities at and

near the Additional and Uncharacterized Sites Operable Unit ("AUS OU"), located at the Crab

Orchard National Wildlife Refuge Site (the "Refuge Site") near Marion, Illinois.  The United States also

seeks a declaratory judgment, pursuant to CERCLA Section 113(g)(2), 42 U.S.C. § 9613(g)(2), declaring

that the Defendants are liable for any future response costs that the United States may incur in connection

with response actions that may be performed at AUS OU.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over the subject matter of this action and the parties hereto

pursuant to Section 113(b) and (e) of CERCLA, 42 U.S.C. §§ 9613(b) and (e), and 28 U.S.C. §§ 1331

and 1345.

4.     Venue is proper in this District pursuant to CERCLA Section 113(b), 42 U.S.C. § 9613(b),

and 28 U.S.C. §§ 1391(b) and (c), because the claims arose and the threatened and actual releases of

hazardous substances occurred in this District.

## SITE BACKGROUND

5.     Since 1942, portions of the Crab Orchard National Wildlife Refuge (the "Refuge")

have been used by various entities, including the Defendants, for, among other things,

manufacturing and/or storage facilities (including facilities relating to explosives and munitions).

In 1947, Congress established the Refuge, which encompasses over 40,000 acres located primarily in

Williamson County, near Marion, Illinois. The enabling legislation assigned DOI, through the Fish and

Wildlife Service ("FWS"), the responsibility of managing the area as a national wildlife refuge, with the additional mission of supporting private industrial activity in certain portions of the Refuge.

6.    Pursuant to CERCLA Section 105, 42 U.S.C. § 9605, EPA placed the Refuge on the CERCLA National Priorities List in 1987, 52 Fed. Reg. 27,620, 27,631 (July 22, 1987).  Since 1987, seven operable units have been designated at the Refuge Site, including the AUS OU.

7.    FWS initially identified 83 locations for review during the preliminary assessment to develop the AUS OU. That review recommended the collection of samples at 39 of the 83 locations to screen for potential contamination during the AUS OU inspection.  Upon completing the preliminary assessment and investigation, FWS determined that 32 locations at the AUS OU warranted additional study through a remedial investigation ("RI") and, if necessary, a feasibility study ("FS").  The AUS OU is comprised of those 32 areas.

8.    In 1991, pursuant to CERCLA Section 120, 42 U.S.C. § 9620, DOI, EPA, the Department of the Army, and the Illinois Environmental Protection Agency ("IEPA") entered into a Federal Facilities Agreement ("FFA") for the Refuge Site to, among other things, identify the nature, objective, and schedule of response actions to be taken at the Refuge Site. The FFA designates DOI as the Lead Department for the AUS OU.  The FFA also establishes certain consultation and dispute resolution procedures to be used by the signatories thereto.  Concurrent with the FFA, DOI and the Department of the Army entered into a memorandum of agreement. FWS has reimbursed response costs incurred by IEPA as a CERCLA support agency in accordance with cooperative agreements for IEPA to support CERCLA activities at the Refuge Site pursuant to its role under the FFA.

9.    In 2002, General Dynamics–Ordnance and Tactical Systems, Inc. ("GD-OTS"), one of the Defendants, executed an Administrative Order on Consent ("AOC") with DOI, FWS,

EPA, and IEPA to perform a remedial investigation and feasibility study ("RI/FS") for the AUS OU and to reimburse certain costs.

10. The RI/FS for the AUS OU is being prepared. During this process, releases of hazardous substances requiring remediation have been identified at certain of the 32 areas and remedial alternatives for those releases are being evaluated. The United States will seek performance of the remedial design and remedial action to implement the remedies selected for the AUS OU, if any, upon completion of the RI/FS.

11. GD-OTS alleges it has incurred, as of July 31, 2023, more than $57 million in response costs consistent with the National Contingency Plan ("NCP"), which was promulgated under CERCLA Section 105(a), 42 U.S.C. § 9605(a), and codified at 40 C.F.R. Part 300. This amount includes interest in connection with completing actions pursuant to the AOC, some of which may have been reimbursed by third parties and some of which have not been reimbursed under the AOC or otherwise. GD-OTS has incurred and will continue to incur substantial response costs pursuant to the AOC.

12. The United States has incurred unreimbursed past response costs in excess of $6.1 million performing response actions associated with the AUS OU. Of that total, DOI has incurred past response costs of more than $6 million, paid for out of the Central Hazardous Materials Fund. EPA has incurred past response costs of more than $100,000, paid for out of Superfund.

### DEFENDANTS

13. GD-OTS is the corporate successor to Olin's aerospace and ordnance manufacturing businesses and has inherited the environmental liabilities associated with those lines of business. In 1996, those businesses were spun off from Olin as Primex Technologies, Inc. ("Primex"). General Dynamics acquired Primex as a wholly owned subsidiary in 2001, at which point Primex changed its name to GD-

4

OTS.  GD-OTS and its corporate predecessors have stored hazardous substances at the AUS OU since the 1950s.

14.  Crane is the corporate successor to Universal Match Corporation ("UMC").  UMC stored hazardous substances at the AUS OU in the 1950s and 1960s.  UMC, later known as Unidynamics/Phoenix, Inc., was acquired by Crane as a subsidiary in 1985 and was later merged into Crane.

15.  EBCo. is the corporate successor to the Trojan Corporation and has inherited the environmental liabilities of that company.  EBCo. is responsible for the activities of the Trojan Corporation that occurred at the AUS OU after 1982, and it has leased space and stored hazardous substances in its own name since 1986.

16.  ITW is the corporate successor to the Diagraph Corporation, which stored materials on a portion of the AUS OU.  Diagraph Corporation was merged and/or consolidated into ITW Inc. in 2002.

17.  Olin, formerly the Olin Mathieson Chemical Corporation, has leased property and stored hazardous substances at the AUS OU since the 1950s.  In October 1963, Olin sold its industrial explosives and blasting equipment business to Commercial Solvents Corporation ("CSC").  Pursuant to the terms of the sale, Olin is responsible for environmental liabilities related to the industrial explosive activities it conducted prior to 1963.

18.  U.S. Surgical is a successor to CSC's liability for its use of hazardous substances associated with its industrial explosives and blasting equipment business at the AUS OU.

19.  Mallinckrodt is a successor to CSC's liability for its use of hazardous substances associated with its industrial explosives and blasting equipment business at the AUS OU.

20.  Sherwin Williams was the parent of the Sherwin Williams Defense Corporation ("SWDC") and has inherited SWDC's environmental liabilities.  From 1942 to 1945, SWDC

5

operated at the AUS OU under a contract with the War Department.  Because SWDC's contract with the War Department included terms concerning indemnification, the United States has assumed responsibility for SWDC's costs and expenses associated with the AUS OU.

21.    Mason & Hanger operated at the AUS OU from 1947 to 1950 under a contract with the United States that included indemnification terms.  The United States has assumed responsibility for Mason & Hanger's costs and expenses associated with the AUS OU.

## CLAIM FOR RELIEF

(Cost Recovery by the United States Under CERCLA Section 107, 42 U.S.C. § 9607)

22.    Paragraphs 1-20 are realleged and incorporated herein by reference.

23.    Defendants are each a "person" within the meaning of CERCLA Section 101(21), 42 U.S.C. § 9601(21).

24.    The AUS OU is a "facility," within the meaning of CERCLA Sections 101(9) and 107(a), 42 U.S.C. §§ 9601(9) and 9707(a).

25.    Defendants stored and used materials at the AUS OU that are "hazardous substances" within the meaning of CERCLA Section 101(14) and 107(a), 42 U.S.C. §§ 9601(14) and 9707(a), including but not limited to acetic acid, acetone, acetonitrile, ammonia, ammonium carbonate, ammonium chloride, ammonium hydroxide, ammonium oxalate, anthracene, antimony compounds, cadmium compounds, calcium chromate, carbon tetrachloride, chromium compounds, cyclohexanone, dibutyl phthalate, 1,2-dichloroethane, dimethyl phthalate, epichlorohydrin, hexane, hydrochloric acid, isophorone, lead arsenate, lead nitrate, methylene chloride, nitric acid, nitroglycerine, perchloroethylene, phosphoric acid, potassium hydroxide, resorcinol, sulfuric acid, toluene, toluenediamine, toluene diisocyanate, 1,1,1-trichloroethane, trichloroethylene, trichloromonofluoromethane, vinyl chloride, and xylene.

6

26.     At times relevant to this action, there have been "releases" and "threatened releases" of "hazardous substances" from a "facility" into the environment of the AUS OU, within the meaning of CERCLA Sections 101(9), 101(14), 101(22), 107(a), 42. U.S. C. §§ 9601(9), 9601(14), 9601(22), and 9607(a), by each Defendant through its use, storage and/or disposal of hazardous substances at the AUS OU.

27.     The United States has incurred "response costs" relating to the AUS OU within the meaning of CERLCA, Section 101(25), 42 U.S.C. § 9601(25), in responding to the releases and threatened releases of hazardous substances into the environment at the AUS OU.

28.     The response costs related to the AUS OU were incurred by the United States in a manner not inconsistent with the NCP.

29.     Pursuant to CERCLA Section 107(a)(2) and (3), 42 U.S.C. § 9607(a)(2) and (3), the Defendants are liable to the United States for response costs incurred and to be incurred by the United States in connection with the AUS, including enforcement costs, prejudgement interest on such costs, and, pursuant to CERCLA Sections 107(a) and 113(g)(2), 42 U.S.C. §§ 9607 and 9613(g)(2), and the Declaratory Judgment Act, 28 U.S.C. § 2201-2202, for all future costs of any response actions that may be performed at the AUS OU.

## RELIEF SOUGHT

WHEREFORE, Plaintiff, the United States of America, respectfully requests that the Court grant the following relief:

1. Enter judgment in favor of the United States and against the Defendants, for all response costs incurred by the United States, including prejudgement interest, for response actions in connection with the AUS OU, not inconsistent with the NCP;

7

2.  Enter a declaratory judgment in favor of the United States and against the Defendants pursuant to Section 113(g)(2), 42 U.S.C. § 9613(g)(2), that the Defendants are liable for any unreimbursed future response costs that the United States incurs in connection with the AUS OU, not inconsistent with the NCP;

3. Award the United States its costs of this action; and

4. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

TODD KIM
Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice

s/ *Katherine A. Abend*
KATHERINE A. ABEND
Senior Counsel
U.S. Department of Justice
Environment and Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Washington, D.C. 20044-7611

RACHELLE AUD CROWE
United States Attorney
Southern District of Illinois

LAURA J. BARKE
Assistant United States Attorney
Southern District of Illinois
Nine Executive Drive
Fairview Heights, IL 62208

OF COUNSEL:

MATTHEW RUSSO
Associate Regional Counsel
U.S. Environmental Protection Agency
Region 5
77 West Jackson Blvd.
Chicago, IL 60604-3507

CHARLES CROUT
SEAN JOYNER
Attorney-Advisors
U.S. Department of the Interior, Office of the Solicitor
Division of Land Resources
Environmental Compliance and Response Branch
1849 C Street, N.W.
Washington, DC 20240